[Cite as *State v. Parsons*, 2023-Ohio-502.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | Hon. John W. Wise, J.<br>Hon. Patricia A. Delaney, J. |
| -vs- | |
| | Case No. 22 CAA 05 0035 |
| TRAVIS PARSONS | |
| Defendant-Appellant | O P I N I O N |

CHARACTER OF PROCEEDINGS:    Appeal from the Delaware County Court of
Common Pleas, Case No. 21 CRI 03 0177

JUDGMENT:    Affirmed

DATE OF JUDGMENT ENTRY:    February 21, 2023

APPEARANCES:

For Plaintiff-Appellee

WILLIAM T. CRAMER
470 Olde Worthington Road – Suite 200
Westerville, Ohio 43082

For Defendant-Appellant

MELISSA A. SCHIFFEL
Delaware County Prosecuting Attorney

MARK C. SLEEPER
Assistant Prosecuting Attorney
145 North Union Street, 3rd Floor
Delaware, Ohio 43015

*Hoffman, P.J.*

{¶1} Defendant-appellant Travis Parsons appeals the judgment entered by the Delaware Common Pleas Court convicting him following his pleas of no contest to two counts of aggravated vehicular assault (R.C. 2903.08(A)(1)(a)) and two counts of vehicular assault (R.C. 2903.08(A)(2)(b)), and sentencing him to an aggregate prison term of thirty-six months. Plaintiff-appellee is the state of Ohio.

STATEMENT OF THE FACTS AND CASE

{¶2} In September of 2020, Appellant was involved in a traffic accident which seriously injured two occupants of another vehicle. As a result of the accident, Appellant was indicted by the Delaware County Grand Jury with two counts of aggravated vehicular assault (R.C. 2903.08(A)(1)(a)) and two counts of vehicular assault (R.C. 2903.08(A)(2)(b)).

{¶3} Appellant's blood was tested for alcohol at Riverside Methodist Hospital following the crash. Appellant filed a motion to suppress the test results, arguing his blood was improperly collected and analyzed.

{¶4} The trial court held an evidentiary hearing on the motion to suppress. Tabitha Bowen testified she was working as a phlebotomist at Riverside Methodist Hospital on September 27, 2020, and withdrew blood from Appellant in the emergency room of the hospital. She testified as part of the procedure to draw blood, she would wipe a small part of the patient's arm with a sterile cotton swab saturated with isopropyl alcohol to disinfect the area where she intended to inject the needle.

{¶5} Dr. Nicholas Wongchaowart, director of the laboratory at the hospital, testified hospital protocol provided an alcohol swab was not to be used when cleaning the site of the area for a blood draw for alcohol testing. However, he testified the possibility

of contamination of the sample from the alcohol swab was not certain, as some studies found an issue with use of an alcohol swab, while other studies did not.

{¶6} The trial court acknowledged the use of the alcohol swab was not in substantial compliance with the methods approved by the Ohio Department of Health. However, the trial court found pursuant to R.C. 4511.19(D)(1)(a), substantial compliance with Department of Health regulations is not required when blood has been withdrawn and analyzed by a health care provider. The trial court overruled the motion to suppress, finding the potential problems with the blood draw caused by use of the alcohol swab went to the weight of the evidence, not its admissibility.

{¶7} Appellant entered a plea of no contest to all four counts of the indictment. The trial court merged the counts of vehicular assault with the counts of aggravated vehicular assault, and the State elected to have Appellant sentenced on the two counts of aggravated vehicular assault. The trial court sentenced Appellant to thirty-six months incarceration on each count, to be served concurrently.

{¶8} It is from the April 19, 2022 judgment of the trial court Appellant prosecutes his appeal, assigning as error:


APPELLANT'S DUE PROCESS RIGHTS WERE VIOLATED BY

THE DENIAL OF APPELLANT'S MOTION TO SUPPRESS EVIDENCE OF

A BLOOD-ALCHOL TEST WHERE THE NURSE USED AN ALCOHOL-

BASED ANTISEPTIC.

I.

{¶9} In his sole assignment of error, Appellant argues the trial court erred in failing to suppress the results of his blood-alcohol test because the use of an alcohol swab by the phlebotomist violated hospital policy.

{¶10} Appellate review of a motion to suppress presents a mixed question of law and fact. *State v. Burnside*, 100 Ohio St.3d 152, 154-155, 2003-Ohio-5372, 797 N.E.2d 71, ¶ 8. When ruling on a motion to suppress, the trial court assumes the role of trier of fact and is in the best position to resolve questions of fact and to evaluate witness credibility. *See State v. Dunlap*, 73 Ohio St.3d 308,314, 1995-Ohio-243, 652 N.E.2d 988; *State v. Fanning*, 1 Ohio St.3d 19, 20, 437 N.E.2d 583 (1982). Accordingly, a reviewing court must defer to the trial court's factual findings if competent, credible evidence exists to support those findings. *See Burnside, supra; Dunlap, supra; State v. Long*, 127 Ohio App.3d 328, 332, 713 N.E.2d 1(4th Dist. 1998); *State v. Medcalf,* 111 Ohio App.3d 142, 675 N.E.2d 1268 (4th Dist. 1996). However, once this Court has accepted those facts as true, it must independently determine as a matter of law whether the trial court met the applicable legal standard. *See Burnside, supra, citing State v. McNamara,* 124 Ohio App.3d 706, 707 N.E.2d 539(4th Dist. 1997); *See, generally, United States v. Arvizu*, 534 U.S. 266, 122 S.Ct. 744, 151 L.Ed.2d 740(2002); *Ornelas v. United States*, 517 U.S. 690, 116 S.Ct. 1657, 134 L.Ed.2d 911(1996). The application of the law to the trial court's findings of fact is subject to a de novo standard of review. *Ornelas, supra.* Moreover, due weight should be given "to inferences drawn from those facts by resident judges and local law enforcement officers." *Ornelas, supra* at 698, 116 S.Ct. at 1663.

{¶11} R.C. 4511.19(D)(1)(a) provides:

(D)(1)(a) In any criminal prosecution or juvenile court proceeding for a violation of division (A)(1)(a) of this section or for an equivalent offense that is vehicle-related, the result of any test of any blood or urine withdrawn and analyzed at any health care provider, as defined in section 2317.02 of the Revised Code, may be admitted with expert testimony to be considered with any other relevant and competent evidence in determining the guilt or innocence of the defendant.

{¶12} This Court has previously acknowledged this statute sets forth a different standard of admissibility for admission of blood or urine tests withdrawn and analyzed by a health care provider, and substantial compliance with Ohio Department of Health regulations is not required. *See State v. Schubert,* 5th Dist. Licking No. 2020 CA 00040, 2021-Ohio-1478, 170 N.E.3d 1296, ¶¶10- 11, *reversed on other grounds*, 2022-Ohio-4604, *citing State v. Oliver*,9th Dist. Summit No. 25162, 2010-Ohio-6306.

{¶13} While Appellant concedes his blood was both withdrawn and analyzed by a health care provider and therefore R.C. 4511.19(D)(1)(a) applies, he argues R.C. 4511.19(D)(1)(a) does not allow the admission of test results where the blood was not drawn and analyzed in accordance with hospital policy.

{¶14} Appellant cites *State v. Harper*, 8th Dist. Cuyahoga No. 105961, 2018-Ohio-690, 107 N.E.3d 709, in support of his argument. In *Harper*, neither the person who drew the blood nor the person who analyzed the blood testified at the suppression hearing. The doctor who testified at the hearing had no firsthand knowledge of the testing and analysis of the defendant's blood, and no evidence was presented proper protocols were

followed. The trial court suppressed the evidence, and the State appealed. The Court of Appeals found R.C. 4511.19(D)(1)(a) provides the results *may* be admitted with expert testimony, but the trial court was not required to admit the results with expert testimony. The court found under the facts of the case, the trial court did not abuse its discretion in suppressing the test results. *Id*. at ¶36.

**{¶15}** The instant case arises from a different procedural posture than *Harper*, as in the instant case, the trial court admitted the evidence. Further, in the instant case the State presented the testimony of witnesses with firsthand knowledge of the blood draw and testing procedures, and the record is therefore not devoid of evidence regarding compliance with hospital protocols for drawing and analyzing the samples. Rather, in the instant case, the only challenge to the test result is the use of an alcohol swab to clean the area before drawing blood, in violation of hospital protocol.

**{¶16}** The State cites this Court to *State v. Mendoza,* 6th Dist. Wood No. WD-10-008, 2011-Ohio-1971, in which the court found the blood alcohol test results admissible pursuant to R.C. 4511.19(D)(1)(a) despite the fact the nurse who drew the blood used an alcohol swab, in violation of Department of Health regulations. Appellant attempts to distinguish *Mendoza* on the basis there was no evidence in *Mendoza* the use of the alcohol swab violated hospital protocol. We find this to be a legally insignificant difference at this stage of the proceedings. R.C. 4511.19(D)(1)(a) does not require the blood or urine be analyzed in strict or even substantial compliance with hospital protocol to be admissible; it simply provides if the sample is drawn and analyzed by a health care provider, the result may be admitted with expert testimony. We agree with the conclusion of the trial court in this case the possible shortcoming in the blood draw process goes to

the weight of the evidence, not its admissibility.  As noted by the trial court, Appellant would have been free to argue at trial the test results should have been given little weight in light of the phlebotomist's use of isopropyl alcohol at the site where the needle was to be injected.

{¶17}  The assignment of error is overruled.  The judgment of the Delaware County Common Pleas Court is affirmed.


By: Hoffman, P.J.

Wise, J.  and

Delaney, J. concur